**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LEE CHILDRESS, #365065,

    Petitioner,

v.

    Civil No: 09-CV-15004

    Honorable John Corbett O'Meara
    Magistrate Judge Mark A. Randon

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION
WITH PREJUDICE; AND (2) AND DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Robert Lee Childress is presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan[1]. Petitioner states that he is challenging a December 14, 2005 conviction, as a result of his entry of a guilty plea, for drawing on insufficient funds pursuant to Mich. Comp. Laws §750.131, and false pretenses. He claims that he was not incarcerated as a result of this conviction, but rather was fined $500.00. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner

---

[1]Petitioner is incarcerated as a result of his September 12, 2002 Wayne County conviction, pursuant to a plea, for two counts of larceny by conversion pursuant to Mich. Comp. Laws §750.362; and his October 14, 2008 Oakland County jury trial conviction for larceny by conversion pursuant to Mich. Comp. Laws §750.362, and for making a false statement in an application for certificate of title or in the assignment of title, pursuant to Mich. Comp. Laws §257.254. As an aside, Petitioner has filed a previous habeas petition with this Court under case number 09-cv-14677, which was dismissed without prejudice because he was challenging a federal and a state conviction in the same habeas petition. The conviction at issue in this case was not the subject of his previous habeas filing.

is not "in custody" under the conviction or sentence he is challenging, this Court lacks jurisdiction and will summarily dismiss the petition with prejudice.

## I. BACKGROUND

Petitioner pled guilty to drawing on insufficient funds pursuant to Mich. Comp. Laws §750.131, and for false pretenses, and was convicted on December 14, 2005. He was fined $500.00. Petitioner admits in his habeas petition that he has not filed any post-conviction motions or state court appeals relative to this conviction.[2] On December 16, 2009, Petitioner filed the pending petition for a writ of habeas corpus asserting the following claims: (1) actual innocence, (2) unconstitutional seizure of a person, (3) violation of due process, (4) ineffective assistance of counsel, (5) police and prosecutorial misconduct, (6) malicious prosecution, and (7) violation of equal protection.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 cases provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *see also Thrower v. City of Akron*, 43 Fed. Appx. 767, 768-69 (6th Cir. 2002)(affirming district

---

[2]The Court likewise could not find a record of any post-conviction or state court appeals. Nonetheless, whether Petitioner properly filed a motion for relief from judgment in the trial court or an application for leave to appeal, it would not impact the Court's analysis of the "in custody" requirement.

court's Rule 4 summary dismissal of habeas petition where petitioner failed to satisfy "in custody" requirement).

A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989). The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491, 109 S. Ct. at 1925 (emphasis in original). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a). *See id.* at 492, 109 S. Ct. 1926.

In addition to Petitioner's admission that he was only fined and not incarcerated as a result of his December 14, 2005 conviction, The Michigan Department of Corrections' Offender Tracking Information System ("OTIS") likewise indicates that Petitioner was never incarcerated pursuant to the 2005 conviction. The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004). Petitioner, therefore, is not "in custody" relative to the conviction he challenges in his present petition. Consequently, this Court does not have jurisdiction to entertain Petitioner's application for habeas corpus relief.

## III. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[3] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court concludes that jurists of reason would not find its assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

## IV. CONCLUSION

**IT IS ORDERED** that Petitioner's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" [Dkt. # 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

4

certificate of appealability.

                                                                        s/John Corbett O'Meara
                                                                        United States District Judge

Date: April 28, 2010

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 28, 2010, using the ECF system and/or ordinary mail.

                                                                          s/William Barkholz
                                                                         Case Manager